UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TERRY NEAL,

     Petitioner,

                                             Case No. 13-cv-11001

v.

                                             Hon. Patrick J. Duggan

KEN ROMANOWSKI,

     Respondent.

                                    /

**OPINION AND ORDER SUMMARILY DISMISSING HABEAS
ACTION AND DENYING A CERTIFICATE OF APPEALABILITY**

     Petitioner Terry Neal, a Michigan state prisoner presently confined at the Macomb Correctional Facility in New Haven, Michigan, has filed a motion seeking equitable tolling of a petition for writ of habeas corpus. Petitioner has not, however, filed a habeas petition. This matter comes before the court on preliminary review of the habeas action. *See* Rule 4, Rules Governing Section 2254 Cases, 28 U.S.C. foll. §2254. Upon review of Petitioner's filings, the court finds that it lacks jurisdiction to adjudicate Petitioner's motion for equitable tolling in the absence of a habeas petition. The court will therefore dismiss the motion and the action without prejudice.

I.

     Subject matter jurisdiction is the court's statutory or constitutional power to adjudicate a case. *United States v. Cotton*, 535 U.S. 625, 630, 122 S. Ct. 1781, 1785 (2002). A federal court has an independent obligation to determine whether subject

matter jurisdiction exists in any case. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514, 126 S. Ct. 1235, 1244 (2006). When a federal court determines that it lacks subject matter jurisdiction over an action, it must dismiss that action in its entirety. *Id.*

"Article III of the Constitution limits the 'judicial power' of the United States to the resolution of 'cases' and 'controversies.'" *Valley Forge Christian Coll. v. Ams. United for Separation of Church & State, Inc.*, 454 U.S. 464, 471, 102 S. Ct. 752, 757 (1982). The federal courts do not have the power to issue advisory opinions in the absence of a case or controversy. *Coffman v. Breeze Corp.*, 323 U.S. 316, 324, 65 S. Ct. 298, 302-03 (1945).

A habeas action is instituted by filing petition. *Woodford v. Garceau*, 538 U.S. 202, 208, 123 S. Ct. 1398, 1402 (2003). The underlying "controversy" in federal habeas action is whether a petitioner is entitled to federal habeas relief setting aside state court conviction. *Calderon v. Ashmus*, 523 U.S. 740, 746, 118 S. Ct. 1694, 1698 (1998). Without a petition for writ of habeas corpus or complaint, there is no case or controversy for a federal court to decide. *See id.* at 747, 118 S. Ct. at 1698-99 (federal courts did not have jurisdiction over declaratory judgment action seeking to establish appropriate limitations period for potential state habeas petitioners because action seeks determination as to validity of potential defense in potential habeas actions); *United States v. Moore,* 56 F. App'x 686, 687 (6th Cir. 2003) (federal district court lacked jurisdiction to consider timeliness of potential §2255 motion because there is no subject matter jurisdiction to determine timeliness until §2255 motion is actually filed). Because

Petitioner has not filed a habeas petition, and may never do so, the court does not have jurisdiction to decide Petitioner's motion.

Petitioner must file a habeas corpus petition before the court may determine whether he may be entitled to equitable tolling of the limitations period. The court does not have jurisdiction to extend the time for filing or give an advisory opinion as to the timeliness of a petition. The action will therefore be dismissed.

## II.

The court will also deny a certificate of appealability. In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84, 120 S. Ct. 1595, 1603-04 (2000). For the reasons stated in this order, the court finds that Petitioner has failed to make a substantial showing of the denial of a federal constitutional right. The Court will therefore deny Petitioner a certificate of appealability.

## III.

Accordingly, Petitioner's motion seeking equitable tolling of a petition for writ of habeas corpus is **SUMMARILY DISMISSED WITHOUT PREJUDICE** pursuant to Rule 4 of the Rules Governing Section 2254 Cases, 28 U.S.C. foll. §2254, and the Court **DECLINES** to issue a certificate of appealability.

**IT IS SO ORDERED.**

Dated:   May 1, 2013

                                              s/PATRICK J. DUGGAN
                                              UNITED STATES DISTRICT JUDGE

Copy to:

**Terry Neal**, 330118
Macomb Correctional Facility
34625 26 Mile Road
New Haven, MI 48048

4